UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| GUERLAIN G. PAUL JR., | |
| | Case #: 2:21-cv-00064-DG-AKT |
| Plaintiff, | |
| | |
| vs. | CENTRAL ISLIP DIVISION |
| | |
| SOFI LENDING CORP., | |
| | **Hon. Diane Gujarati, U.S.D.J.** |
| Defendant. | |

----------------------------------------------------------------X

## AFFIRMATION OF SERVICE

I, the undersigned attorney, hereby affirm under the penalties of perjury the truth of the following statements:

1. I am a managing attorney with the law firm of Zwicker & Associates, P.C., attorneys for Defendant in the above-captioned matter, and I am a duly admitted attorney of the United States District Court for the Eastern District of New York. Therefore, I am fully familiar with the facts and circumstances of the matter at hand.

2. On May 10, 2021, I served a true and exact copy of the enclosed letter (and attachments) on the following recipient(s):

>Guerlain G. Paul, Jr.
>172 N. Bayview Avenue
>Freeport, NY 11520

3. The foregoing service was effectuated via certified mail, return receipt requested (*i.e.*, by enclosing it in a sealed postage-prepaid envelope and dropping it in an official depository of the U.S. Postal Service), and was sent to said recipient(s) at the aforementioned address(es).

Dated: Middlesex, New Jersey
        May 10, 2021

           */s/ Carl E. Zapffe*
Carl E. Zapffe, Esq.
ZWICKER & ASSOCIATES, P.C.
1551 South Washington Avenue, Suite 404
Piscataway Township, NJ 08854
855-427-7433 ext. 2433 (Phone)
LitigationZAPC@zwickerpc.com

New York Office (per Judiciary Law § 470):
100 Corporate Woods, Suite 230
Rochester, NY 14623

# Zwicker & Associates, P.C.
ATTORNEYS AT LAW

ZWICKERPC.COM

1551 S. Washington Ave.
Suite #404
Piscataway, NJ 08854
Phone 732-424-1551
Fax 732-733-4181
LitigationZAPC@zwickerpc.com

**Managing Attorney:**
Carl E. Zapffe + •

**Associate Attorneys:**
Tiffany L. Maldonado + #
Brandon G. Stanislaus + • ¤

+ = Admitted in New York
• = Admitted in New Jersey
# = Admitted in Connecticut
¤ = Admitted in Pennsylvania

May 10, 2021

**Via Certified Mail (RRR)**

Guerlain Paul
172 N. Bayview Avenue
Freeport, NY 11520

Re:   Paul v. SoFi Lending Corp.
      Case #: 2:21-cv-00064

Dear Mr. Paul:

Enclosed herewith for service upon you are the following documents: (1) an e-mail containing a short-form Scheduling Order; and (2) an Initial Conference and Case Management Order.

I have attempted to reach out to you several times to discuss this matter, but you have not yet responded. I will attempt to reach out again prior to the conference, but in the meantime, please be advised that I can be reached at the number and e-mail address listed below, and you are welcome to contact me at any time.

Thank you, and one way or another, I am hopeful we will be able to discuss this matter soon.

Sincerely,
Zwicker & Associates, P.C.

By: _____
Carl E. Zapffe, Esq.
732-424-1551 ext. 2433
czapffe@zwickerpc.com

This law firm employs one or more attorneys admitted to practice in the following states:

ALASKA | ALABAMA | ARIZONA | CALIFORNIA | COLORADO | CONNECTICUT | FLORIDA | GEORGIA | IDAHO |
ILLINOIS | INDIANA | KANSAS | KENTUCKY | MARYLAND | MASSACHUSETTS | MICHIGAN | MINNESOTA | MISSOURI |
NEW HAMPSHIRE | NEW JERSEY | NEW MEXICO | NEW YORK | NEVADA | NORTH CAROLINA | OHIO | OREGON |
PENNSYLVANIA | RHODE ISLAND | SOUTH CAROLINA | TENNESSEE | TEXAS | UTAH | VIRGINIA | WASHINGTON |
WEST VIRGINIA | WISCONSIN | WASHINGTON, D.C.

# Carl Zapffe, Esq.

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Friday, May 7, 2021 4:39 PM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 2:21-cv-00064-DG-AKT Paul v. SoFi Lending Corp. Scheduling Order |

⚠ **EXTERNAL EMAIL - CAUTION**

DO NOT open attachments or click on links from unknown senders or unexpected emails

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 5/7/2021 at 4:39 PM EDT and filed on 5/7/2021
**Case Name:** Paul v. SoFi Lending Corp.
**Case Number:** 2:21-cv-00064-DG-AKT
**Filer:**
**Document Number:** 7

**Docket Text:**
**SCHEDULING ORDER. In light of the fact that Plaintiff is proceeding pro se, the Court is directing Plaintiff and counsel for Defendant to appear for an Initial Conference on June 8, 2021 at 11 a.m. The Initial Conference will be conducted telephonically. The parties are requested to utilize the Court's toll-free teleconferencing line and dial in at (866) 590-5055, access code 9720458, at the time of the conference. Counsel for Defendant is directed to serve a copy of the attached Order on the Pro Se Plaintiff forthwith and to file proof of such service on ECF by May 12, 2021. Ordered by Magistrate Judge A. Kathleen Tomlinson on 5/7/2021. (Wolf, Deanna)**

**2:21-cv-00064-DG-AKT Notice has been electronically mailed to:**

Jason Peter Verhagen    jverhagen@zwickerpc.com, wharris@zwickerpc.com

Carl Edward Zapffe    czapffe@zwickerpc.com

**2:21-cv-00064-DG-AKT Notice will not be electronically mailed to:**

Guerlain Paul
172 N. Bayview Avenue
Freeport, NY 11520

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=5/7/2021] [FileNumber=15822128-0]
[b64c8e15ccea57531987d085e0095dae8f364f59a48ed703acec748070f530a030a25
cb7f81e75933a790f30ffa1d7c9e5644cfdc3fa5be9b0e1b6015c2ee47f]]

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GUERLAIN PAUL,

                              Plaintiff,

           - against -

SOFI LENDING CORP.,

                            Defendant.
------------------------------------------------------------------X

**INITIAL CONFERENCE AND
CASE MANAGEMENT ORDER**

CV 21-64 (DG) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    **INITIAL CONFERENCE: DISCOVERY PLANNING**

      A.    **Conference Date:**    June 1, 2021 at 10 a.m.

      B.    **Conference Place:**    Courtroom 840
                                        United States Federal Courthouse
                                        100 Federal Plaza
                                        Central Islip, New York

      C.    **Appearance in person, familiarity with the case and relevant rules required.**
Counsel for each represented party must appear in person for the Initial Conference at the date and time indicated above.

      **PLEASE NOTE: THE COURT REQUIRES THAT LEAD COUNSEL WHO WILL BE HANDLING THIS MATTER THROUGHOUT THE LITIGATION AND THROUGH TRIAL BE PRESENT FOR EACH AND EVERY APPEARANCE, CONFERENCE (including the INITIAL CONFERENCE), HEARING, ETC. AND BE FULLY FAMILIAR WITH THE FACTS AND PROCEDURAL HISTORY OF THE CASE**. If lead counsel has a conflict for some reason, he/she must contact the Court by letter posted on ECF sufficiently in advance of the scheduled date to request a new date. The Court expects counsel to have conferred with opposing counsel and to provide some suggested alternative dates when all counsel are available.

      If lead counsel (presumably a partner or supervising attorney) who is responsible for the case through trial wishes to have an associate appear at the Initial Conference (or a subsequent conference) prepared and ready to speak to the issues to be discussed at the conference, then counsel may do so with the understanding that lead counsel must also be present at each conference.

      Any individual who is **representing herself or himself pro se** must also appear in person for the Initial Conference.

By the time of the conference, each attorney in the case is also expected to be familiar with the Federal Rules of Civil Procedure concerning discovery, *see generally,* Federal Rules of Civil Procedure 16, 26-37, as well as with the Local Civil Rules of this Court, *see generally*, Loc. Civ. R. 5.2-37.3, and with my Individual Practices Rules which can be found at http://www.nyed.uscourts.gov/pub/rules/AKT-MLR.pdf.

## II.    PROPOSED DISCOVERY PLAN

A.    **Meet and Confer**. As soon as practicable, and in any event before the Initial Conference, the parties must meet and confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(f). In any case where one side is proceeding pro se, the parties are not required to develop a discovery plan and discovery will be completed in incremental stages. In that instance, the discovery plan will be discussed and implemented directly at the Initial Conference.

B.    **Initial Disclosures**. At least two days prior to the Initial Conference scheduled above, each party must provide opposing counsel with its Initial Disclosures pursuant to Rule 26(a)(1) unless this proceeding is exempt from such disclosure pursuant to Rule 26(a)(1)(E). Pro Se litigants are exempt from this requirement.

C.    **Deadline for Electronic Filing of Joint Discovery Plan**. No later than two business days before the Initial Conference, counsel for the parties must submit, by means of electronic filing on the court's ECF (Electronic Case Filing) system, a Joint Proposed Discovery Plan.

D.    **Contents of the Joint Proposed Discovery Plan**.

General Requirements. The Proposed Joint Discovery Plan should include any agreements the parties have reached regarding discovery, and must separately address each item listed in Rule 26(f)(3). The parties are required, after meeting and conferring, to **complete the attached checklist as part of their discovery plan and to file it on ECF at least two days prior to the Initial Conference.** In particular, the proposed discovery plan should address each of the following items:

1.    **Deadlines and Court Appearances**. A sample Initial Case Management and Scheduling Order ("CMSO") is attached. This Initial CMSO will reflect the scheduling of the first phase of discovery, up through the mandatory Discovery Status Conference with the Court. The first page shows the schedule the Court will normally direct in the absence of reasons to conclude that a different schedule is warranted. A Final Case Management and Scheduling Order will be entered at the Discovery Status Conference at the mid-point of the discovery period.

The goal is to complete discovery and assure that the case is ready for trial (without prejudice to any party's right to make a dispositive motion) in conjunction with the

assigned District Judge's Rules. The parties are certainly free to build in any other intervening deadlines upon which they have agreed for certain activities. Once the Court has entered a schedule with the parties' input, **the discovery deadlines will be enforced and amended only for good cause.**

       2.   **Confidentiality**. With regard to the parties' preparation of the proposed discovery plan, counsel are also required to complete a preliminary discussion concerning whether a Stipulation and Order of Confidentiality may be needed in the case and to advise the Court accordingly (*e.g.*, medical records, proprietary information, certain types of financial records, intellectual property, personnel records, internal investigations, etc.).

       3.   **Electronically Stored Information ("ESI")**. Pursuant to Rule 26, the parties are also required to specifically address whether there is any electronically stored information ("ESI") which is relevant to the case. As part of the reporting of the parties' Rule 26(f) planning conference, counsel are directed to provide the Court with a summary of the preliminary discussion concerning (a) what relevant ESI is in the possession, custody or control of both sides, (b) what steps have been taken to comply with the respective party's preservation obligations; (c) any issues concerning accessibility to ESI; and (d) in what specific manner the parties intend to produce ESI.

       4.   **Potential Rule 30(b)(6) Witnesses**. Effective December 1, 2020, litigants are required to meet-and-confer in good faith to discuss the need for deposing a party or non-party corporate representative in the case. If so, counsel are expected to have had a preliminary discussion concerning the subject matters of such a deposition and who might be the appropriate corporate representative(s) to testify as to those subject matters.

       5.   **Other Discovery Matters**: The proposed joint discovery plan should address the following, to the extent relevant:

          a.   changes to the presumptive maximum number of interrogatories and depositions allowed under the rules (normally 25 interrogatories, including sub-parts, and 10 depositions);

          b.   the number and types of expert witnesses each party anticipates;

          c.   whether there are any sources of discoverable material that warrant specific planning, such as medical (HIPAA releases) or employment records held by non-parties; and

          d.   whether there are subject matter limitations on discovery, or other procedural mechanisms that will help to identify or narrow the issues in dispute without undue delay or expense.

### III.   ELECTRONIC FILING AND CONTACT INFORMATION

All filings by counsel must be submitted electronically pursuant to Administrative Order 2004-08. All attorneys working on the case are to be registered with the Court's ECF system and must file a Notice of Appearance in this action so that he or she will be personally notified of all filings. The parties are under a continuing obligation to keep the Court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

Pro se litigants are not required to file documents electronically. The Clerk's Office will enter any papers submitted by pro se litigants into the Court's electronic docketing system.

**SO ORDERED.**

Dated: Central Islip, New York
May 7, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
[Plaintiff],

                                     Plaintiff(s),

         - against -

[Defendant],

                                Defendant(s).
-----------------------------------------------------------------X

**[SAMPLE] INITIAL CASE MANAGEMENT AND SCHEDULING ORDER**

[CV#] ([USDJ's Initials]) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**     **DEADLINES AND COURT APPEARANCES**

| | |
|---|---|
| Deadline for completion of initial disclosures required by Rule 26(a): | [2 days prior to the scheduled Initial Conference ("IC") Date] |
| First request for production of documents and first request for interrogatories due by: | [IC Date + 35 days] |
| Responses to first request for production of documents and first set of interrogatories due by: | [IC Date + 79 days] |
| Deadline for joinder of additional parties and amendment of pleadings: | [IC Date + 91 days] |
| <u>Status Conference</u>: | [IC Date + 140 days], at [TIME] |

II.    **CHECKLIST TO BE COMPLETED BY THE PARTIES AND RETURNED WITH THE RULE 26(f) DISCOVERY PLAN:**

    A.    <u>Initial Disclosures</u>: Counsel confirm that the Initial Disclosures have been served:

        Plaintiff:                                 Defendant:

        ☐ Yes     ☐ No               ☐ Yes     ☐ No

    B.    <u>Stipulation and Order of Confidentiality</u>: Counsel confirm that they have consulted in good faith regarding the need for such an order:

        ☐ Yes           ☐ No

        Based on that consultation, counsel find that a Stipulation and Order of Confidentiality is:

        ☐ Needed       ☐ Not needed

    C.    <u>Electronically Stored Information ("ESI")</u>: Counsel confirm that they have met and conferred regarding the existence of any relevant ESI on both sides:

        ☐ Yes           ☐ No

        The parties have had some preliminary discussion about the type of ESI which is in their clients' respective possession or control and how they wish to have such ESI produced:

        ☐ Yes           ☐ No

        Based on those discussions, counsel are advising the Court that the relevant ESI consists of

        1. _____

        2. _____

        3. _____

        4. _____

        5. _____

    D.    <u>Rule 30(b)(6) Witnesses</u>:

Is either side requesting information from and the deposition of a party's corporate representative?

| Plaintiff: | | Defendant: | |
|---|---|---|---|
| ☐ Yes | ☐ No | ☐ Yes | ☐ No |

Is either side anticipating the need for a Rule 30(b)(6) deposition of a non-party?

| Plaintiff: | | Defendant: | |
|---|---|---|---|
| ☐ Yes | ☐ No | ☐ Yes | ☐ No |

Have the parties met and conferred in good faith to discuss the potential need for Rule 30(b)(6) depositions?

    E.    <u>HIPAA Release Authorizations</u>: Counsel are to confirm that such authorizations for this case are:

☐ Needed    ☐ Not Needed


**SO ORDERED:**

Dated:
    Central Islip, New York

_____
A. KATHLEEN TOMLINSON
United States Magistrate Judge

3